J-S65032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JEREMY WARNICK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ALL SAINTS EPISCOPAL CHURCH, REV. CHARLES BENNISON, DIANE CAIRNS, RICHARD CRAIG AND LINDA COLWELL, | |
| Appellees | No. 714 EDA 2014 |

Appeal from the Judgment Entered January 13, 2014
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: 111201539

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED DECEMBER 11, 2014**

Appellant, Jeremy Warnick, appeals from the judgment entered in favor of Appellees, All Saints Episcopal Church, Rev. Charles Bennison, Diane Cairns, Richard Craig, and Linda Colwell, and against Appellant on the basis of the court's grant of Appellees' motion for summary judgment.  We affirm.

In its April 15, 2014 opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  (**See** Trial Court Opinion, 4/15/14, at 1-11).  Therefore, we have no reason to restate them here.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant raises one issue for our review: Whether the trial court erred in granting Appellees' motion for summary judgment, and dismissing the case? (**See** Appellant's Brief, at 5).[1]

Our standard and scope of review of a trial court's grant of summary judgment are well-settled:

> Our standard of review on an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

---

[1] Appellant's statement of questions involved contains five identical challenges to the court's grant of summary judgment as to count one of the amended complaint, only. (**See** Appellant's Brief, at 5-6). This appears to have been a typographical error, and Appellant intended each of the five questions to address a different count of the amended complaint. (**See id.** at 15-25 (arguing court erred in entering summary judgment as to each of the amended complaint's five counts)).

***Krauss v. Trane U.S. Inc.***, 2014 WL 5359007, at \*2 (Pa. Super. filed Oct. 22, 2014) (case citation omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the exhaustive and well-reasoned opinion of the trial court, we conclude that there is no merit to Appellant's issue. The trial court properly disposes of the questions presented. (**See** Trial Ct. Op., at 11-35 (finding: (1) the First Amendment's deference rule and ministerial exception doctrine apply to bar Appellant's causes of action; (2) even if the First Amendment did not bar all claims, Appellant's claims fail as a matter of law; and (3) summary judgment was proper where Appellant failed to provide evidence in support of his claims)). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2014